NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PLANET GREEN CARTRIDGES, INC., a California corporation,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES, LLC, a Delaware limited liability company; AMAZON ADVERTISING LLC, a Delaware limited liability company,<br><br>    Defendants - Appellees. | No. 23-4434<br><br>D.C. No.<br>2:23-cv-06647-JFW-KS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 20, 2024
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Planet Green Cartridges, Inc. (Planet Green) appeals the district court's

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

order granting Defendants' (collectively, Amazon) motion to dismiss Planet Green's complaint. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo the district court's order dismissing the complaint. *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1096 (9th Cir. 2019). We affirm.

1. We begin with the application of 47 U.S.C. § 230(c)(1), pursuant to which immunity extends to "(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat . . . as a publisher or speaker (3) of information provided by another information content provider." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–01 (9th Cir. 2009) (citing 47 U.S.C. § 230(c)(1)). We easily conclude that Amazon is an "interactive computer service" provider, a term that we interpret "expansively," *Dyroff*, 934 F.3d at 1097 (citing *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1268 (9th Cir. 2016)), because Planet Green alleges that Amazon operates websites, including Amazon.com, and much of its complaint focuses on product listings on Amazon.com, *see id.*

We also conclude that Planet Green's "theory of liability would treat [Amazon] as a publisher or speaker . . . ." *Barnes*, 570 F.3d at 1101. Each of Planet Green's claims rests on the same theory of liability, which is that Amazon made, or failed to prevent others from making, false or misleading statements about "clone ink cartridges" sold on Amazon.com. This theory imposes a duty on

2                                                           23-4434

Amazon to refrain from publishing such statements.

The third element of section 230 immunity is satisfied with respect to most, but not all, of Planet Green's claims. To satisfy this element, a defendant must not create or develop the relevant "information provided through the Internet" and thereby act as an "information content provider." *See* 47 U.S.C. § 230(f)(3); *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162–63 (9th Cir. 2008) (en banc). One "develop[s]" content in the relevant sense by "materially contributing to its alleged unlawfulness." *Roommates*, 521 F.3d at 1167–68.

To the extent Planet Green's claims are directed to statements published by third parties on Amazon.com product listings, this element is satisfied because Amazon merely publishes the third-party content at issue. *See Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 744–46 (9th Cir. 2024). Although Planet Green insists that Amazon's extensive control over sellers and listings on Amazon.com transforms Amazon into an information content provider, enabling or enhancing the distribution of unlawful content through "neutral tools" is distinct from "materially contributing to [the content's] alleged unlawfulness." *Roommates*, 521 F.3d at 1168–69.

Similarly, with respect to Planet Green's allegations that Amazon collects and analyzes customer data to create promotional emails and search-engine

optimizations, enhancing access to actionable content—without more— does not constitute creation or development of that content. *See id.* at 1171–72. Tools that recommend or suggest third-party content "are tools meant to facilitate the communication and content of others," and "are not content in and of themselves." *Dyroff*, 934 F.3d at 1098; *see Calise*, 103 F.4th 745–46.

However, Planet Green also alleges that Amazon directly imports and distributes clone ink cartridges through the Amazon Warehouse and the Fulfilled by Amazon program, and that the packaging and labels on these clone ink cartridges include false or misleading statements. These third-party statements are not provided by "another information content provider," 47 U.S.C. § 230(c)(1), because they are not "information provided through the Internet," *id.* § 230(f)(3). Indeed, Planet Green's allegations would not materially differ if Amazon conducted its transactions at a brick-and-mortar retail store. Thus, extending immunity to this circumstance would "exceed the scope of the immunity provided by Congress and . . . give online businesses an unfair advantage over their real-world counterparts." *Roommates*, 521 F.3d at 1164 n.15. Accordingly, Planet Green's allegations concerning Amazon's importation and distribution of ink cartridges are not foreclosed by section 230.

2. We next conclude that, to the extent claims 1 through 5 of Planet Green's complaint (*i.e.*, all claims other than its negligence claim) survive section 230,

Planet Green has failed to allege an actionable false statement by Amazon.[1]  Planet Green does not allege that Amazon itself made any of the false statements on the packaging and labeling for clone ink cartridges; rather, the statements at issue were all made by third parties.  Amazon's sale of a product, without more, does not warrant treating Amazon as the maker of the statements contained within that product's commercial advertising.

3.  As for Planet Green's negligence claim (claim 6), Planet Green failed to allege a legal duty owed by Amazon.  Under California law, one "who has not created a peril is not liable in tort merely for failure to take affirmative action to assist or protect another" from the acts of a third party, absent a special relationship.  *Williams v. State*, 664 P.2d 137, 139 (Cal. 1983).  Here, Amazon did not create the risk that third-party ink cartridge manufacturers would make false or misleading claims on their products' packaging and labels.  Moreover, we have recognized that no duty is created "when a website facilitates communication, in a content-neutral fashion, of its users' content."  *Dyroff*, 934 F.3d at 1101 (citing *Klayman v. Zuckerberg*, 753 F.3d 1354, 1359–60 (D.C. Cir. 2014)).

---

[1] Each of Planet Green's first five claims requires a false statement by Amazon. *See* 15 U.S.C. § 1125(a)(1) (Lanham Act false advertising and false designation); *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994) (California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200; and common-law unfair competition); *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 808–09 (9th Cir. 2007) (California UCL and false advertising, Cal. Bus. & Prof. Code § 17500).

**AFFIRMED.**